**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-04025-02-CR-C-NKL |
| | ) | |
| THOMAS STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On April 29, 2010, Thomas Stevens ("Petitioner") was sentenced to 120 months imprisonment followed by five years of supervised release for conspiracy to distribute and possess with the intent to distribute cocaine base, cocaine, ecstasy, and methamphetamine. [Docs. # 77, at 1-3]. Petitioner received the statutorily imposed mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A). Pending before the Court is Petitioner's pro se Motion for Modification of Sentence and Appointment of Counsel [Doc. # 80] based upon the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010) ("Act"). Petitioner appears to argue that amendments by the Act to the sentencing guidelines ought to retroactively apply to his case, in particular, the adjustments to base offense levels for cocaine base convictions. For the following reasons, the Court DENIES the motion.

A court may modify a sentence subsequent to sentencing only in three limited circumstances. 18 U.S.C. § 3582 (2006). The first circumstance requires a motion of the

Director of the Bureau of Prisons, which is not present here. § 3582(c)(1)(A). The second circumstance involves application of Rule 35 of the Federal Rules of Criminal Procedure or a statute expressly giving the court authority to modify a sentence. § 3582(c)(1)(B). Rule 35 is not applicable here because there was no clerical error and the government has not moved for a downward departure for substantial assistance. Nor is there a statute which authorizes the Court to modify Petitioner's sentence because the Fair Sentencing Act is not retroactive.

The Fair Sentencing Act of 2010 contains no express statement by Congress making its terms retroactive or giving the Court authority to reconsider Petitioner' sentence. The Eighth Circuit has expressly held that the Fair Sentencing Act of 2010 is not to be applied retroactively. *See U.S. v. Tyler Brown,* No. 10-1791, 2010 WL 3958760 (8th Cir. Oct. 12, 2010). Therefore the Court is not authorized to rely on the Fair Sentencing Act to modify Petitioner's sentence.

The third circumstance applies only to defendants who were sentenced according to the Federal Sentencing Guidelines instead of a statutory minimum sentence. Here, Petitioner's sentence was driven by the statutory minimum which was in place at the time of his sentence, not the applicable guidelines.

The Court has no authority to modify Petitioner's sentence.

Moreover, Petitioner is not entitled to appointment of counsel. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) ("[T]here is no right to appointed counsel in sentence modification proceedings under § 3582(c).").

Accordingly, it is hereby ORDERED that Petitioner Thomas Stevens's Motion for

Modification of Sentence and Appointment of Counsel [Doc. # 80] is DENIED.

                                                    s/ NANETTE K. LAUGHREY
                                                    NANETTE K. LAUGHREY
                                                    United States District Judge

Dated: January 18, 2011
Jefferson City, Missouri